| | |
|---|---|
| 1 | RICARDO P. CESTERO (SBN 203230) |
| 2 | RCestero@ggfirm.com<br>LORI L. WERDERITCH (SBN 247345) |
| 3 | LWerderitch@ggfirm.com<br>GREENBERG GLUSKER FIELDS |
| 4 | CLAMAN & MACHTINGER LLP<br>2049 Century Park East, Suite 2600 |
| 5 | Los Angeles, California 90067<br>Telephone: 310.553.3610 |
| 6 | Fax: 310.553.0687 |
| 7 | Attorneys for Plaintiff<br>Infinite Peripherals, Inc. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| INFINITE PERIPHERALS, INC., an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>CUSTOM S.P.A., an Italian corporation; CUSTOM AMERICA, INC., a New Jersey corporation; and VITALII PANCHENKO, an individual,,<br><br>Defendants. | Case No. 8:19-cv-01983-DOC-JDE<br><br>*Assigned to: Hon. David O. Carter*<br><br>**PLAINTIFF INFINITE PERIPHERALS, INC.'S OPPOSITION TO DEFENDANT CUSTOM S.P.A.'S MOTION TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(2)**<br><br>Date: March 30, 2020<br>Time: 8:30 am<br>Crtrm: 9D |

## I. INTRODUCTION

After a long-running partnership between Defendant Custom S.P.A. Inc ("Custom") and Plaintiff Infinite Peripherals, Inc. ("Infinite"), and years of Custom directing its business at California, Custom now files its Motion to Dismiss Complaint Pursuant to F.R.C.P. Rule 12(b)(2) (the "Motion") for lack of personal jurisdiction. In contravention of Local Rules 6-1 and 7-3, the Motion fails to provide any notice to Infinite and Custom failed to meet and confer at all prior to filing the Motion. These failures precluded Infinite's opportunity to amend its complaint prior to Court intervention and constitute grounds to deny or strike the Motion.

Infinite can amend its complaint to adequately plead this Court's specific jurisdiction over Custom (and would have done so if provided the chance). Custom first selected Infinite as its sole distributor in North America in 1998, and then later also distributed through its subsidiary and agent, Defendant Custom America. Throughout, Custom directed its business towards California via Infinite *and* Custom America. It was in this course that Custom, through its agent and subsidiary Custom America, recruited Infinite's California-based head of sales, Defendant Vitalii Panchenko, to solicit Infinite's customers. Based on these facts, and to the extent the Court entertains Custom's Motion despite its procedural defects, the Motion should be denied or Infinite should be granted leave to amend its complaint regarding specific jurisdiction and to conduct jurisdictional discovery.

## II. ARGUMENT

### A. The Motion Should be Stricken or Denied For Failure to Comply with Central District Local Rules 6-1 and 7-3.

Central District Local Rule 6-1 states, "every motion shall be presented by written notice of motion. The notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for the hearing, and shall be

served on each of the parties electronically…the notice shall be served no later than twenty-eight (28) days before the Motion Day designated in the notice."  Custom failed to notice its Motion in violation of this rule.

Central District Local Rule 7-3 provides, "In all cases not listed as exempt in L.R. 16-12…counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any protentional resolution.  The conference shall take place at least seven (7) days prior to the filing of the motion."  Custom failed to meet and confer prior to the filing of its Motion in violation of this rule.

Custom's failure to meet and confer denied Infinite the opportunity to amend its complaint to address the alleged defects about which Custom complains. "The purpose of Local Rule 7–3 is to help parties 'reach a resolution [and] eliminate[ ] the necessity for a hearing,' which in turn promotes judicial economy and the administration of justice." *Bus. Sols., LLC v. Ganatra*, 2019 WL 6332246, at *1 (C.D. Cal. Oct. 23, 2019).  Infinite can amend its complaint to address Custom's specificity objections, and would have done so in response to a meet and confer.  This is especially true given that the lack of specificity raised by Custom is the direct result of the complaint originating in California state court.  Custom America removed the complaint to federal court, yet now its affiliate, Custom, complains about pleading insufficiencies even in the absence of any effort to meet and confer (the very purpose of which is to prevent unnecessary motions).

"The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8." *See* Local Rule 7-4.  Custom's failure to comply with the Local Rules is grounds for the Court to deny the Motion.  *See, e.g., Potter v. H & R Block Inc.*, 2016 WL 10966408, at *2 (C.D. Cal. Mar. 2, 2016) ("The Court finds well-taken Defendant's argument that Plaintiff's motion should also be denied for failure to meet-and-confer with Defendant regarding Plaintiff's motion to remand in violation of local rule 7-3 and for failure to properly notice the

motion for a hearing date in violation of local rule 6-1"); *see also Conzelman v. United States*, 2018 WL 6136819, at *4 (C.D. Cal. Aug. 17, 2018) ("When a party fails to comply with Local Rule 7-3, the Court can, in its discretion, refuse to consider the motion."). The Motion should be denied or stricken based upon Custom's violation of the Local Rules.

### B. Alternatively, Leave to Amend Should Be Granted for Infinite to More Specifically Allege Jurisdiction.

To the extent the Court considers the Motion despite Custom's violation of the Local Rules, leave should be granted for Infinite to amend its complaint to address any jurisdictional deficiencies Custom asserts in the Motion. "A district court shall grant leave to amend freely when justice so requires," and "this policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001), *see also* F.R.C.P. 15(a)(2). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Forman v. Davis*, 371 U.S. 178, 182).

Here, there is no evidence of "undue delay, bad faith or dilatory motive" in Infinite's request to amend, it was informed of Custom's pleading challenges only after the filing of the Motion. Custom also cannot claim "undue prejudice" should the Court grant an amendment. As discussed above, Infinite's complaint began as a state court pleading that Custom America removed to federal court, only to then have Custom complain about the complaint not meeting federal pleading standards (but without providing the meet and confer process's intended opportunity for amendment prior to filing a motion). Simply put, Custom cannot allege to be prejudiced by such circumstances of its own making. Further, and more

importantly, there would be no delay or "prejudice" had Custom simply followed Local Rules affording Infinite the ability to amend its state court complaint prior to the filing of this Motion.

### C. Infinite Can Amend its Complaint to Demonstrate Specific Personal Jurisdiction.

A court may exercise both general and specific personal jurisdiction. *Bristol-Myers Squibb Co. v. Super. Ct.*, 137 S.Ct. 1773, 1779 (2017). Here, Infinite can amend its complaint regarding this Court's specific jurisdiction over Custom. In exercising specific personal jurisdiction, the Ninth Circuit applies a three-part test:

> "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017).

In addition, "[a]gency relationships ... may be relevant to the existence of *specific* jurisdiction. A corporation can purposefully avail itself of a forum by directing its agents or distributors to take action there." *Daimler AG v. Bauman*, 134 S.Ct. 746, 759, n.13 (2014). To establish an agency relationship, an agent must "act on the principal's behalf and subject to the principal's control." Restatement (Third) Of Agency § 1.01 (2006); *see also Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1232 (9th Cir. 2013) ("Agency requires that the principal maintain control over the agent's actions.").

Infinite can amend its complaint to demonstrate Custom's directing of its

activities towards California, both directly and through a principal-agency relationship with Custom America.  Custom, not Custom America, began a business relationship with Infinite, which included voluminous and targeted sales in California and to California corporations and citizens.  Declaration of Jeffrey Scott In Support of Opposition to Motion to Dismiss ("Scott Decl."), ¶ 2.  Custom and Infinite's business relationship continued uninterrupted from its commencement for a period of twenty years.  Infinite began dealing with Custom America only at Custom's behest and only after it had already begun to operate.  Scott Decl., ¶ 3.  Infinite never considered its partnership with Custom to have ended, instead understanding Custom America to be a mere domestic sales agent of Custom. Scott Decl., ¶ 4.  Indeed, Infinite continued communications with Custom and its representatives long after it began also dealing with Custom America.  Scott Decl., ¶5.

Further, Custom has continuous business activities in the United States and in the State of California.  Custom representatives and executives attend trade shows regularly throughout the United States, and specifically in California.  Scott Decl., ¶ 6. Custom and Custom America share booth spaces at such shows, where Custom America presents itself as merely a distributor of Custom.  Scott Decl., ¶ 6. Furthermore Custom America is the clear agent of Custom.  Custom owns 90% of Custom America and Custom Board Members also serve on the Custom America Board.  Declaration of Ricardo Cestero In Support of Opposition to Motion to Dismiss ("Cestero Decl."), ¶¶ 2-3.  Defendant Panchenko was a California-based employee of Infinite's when Custom America, as Custom's agent, recruited him in order to misappropriate Infinite's confidential trade secrets.  Those trade secrets were pulled from an Infinite computer in California, and contained proprietary information regarding Infinite's business and customers within California.  Custom, therefore, clearly has the necessary California contacts to justify specific personal jurisdiction.

Given these facts, Custom cannot "'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007). Accordingly, the Motion should be denied.

### D. To the Extent the Court Requires Additional Information to Amend, Infinite Is Entitled to Jurisdictional Discovery.

To the extent additional information is necessary for amendment, jurisdictional discovery is warranted. "As a general rule, where pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed." *Hansen v. United States*, 3 F. App'x 592, 593 (9th Cir. 2001). Custom's declarations in support of the Motion are "self-serving declarations" and therefore insufficient and cannot be relied up by Infinite in amending its complaint. *See U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2013 WL 6671774, at *2 (N.D. Cal. Dec. 18, 2013). Simply put, where "jurisdictional facts are contested or more facts are needed," further jurisdictional "discovery should be granted." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

### III. CONCLUSION

For failure to honor Local Rules, the Court should strike Custom's Motion to Dismiss, or in the alternative, Infinite should be granted leave to amend its pleadings to address the issues raised by Custom only upon service of its Motion.

DATED: March 9, 2020

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: /s/ signature
RICARDO P. CESTERO (SBN 203230)
LORI L. WERDERITCH (SBN 247345)
Attorneys for Plaintiff Infinite
Peripherals, Inc.